IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:        1:12cr24/MCR/GRJ
                                                   1:16cv225/MCR/GRJ
CURTIS WOODS
Reg. No. 21668-017

---

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and memorandum in support thereof (ECF Nos. 80, 82) and the Government's response in opposition thereto.  (ECF No. 84.)  Petitioner did not file a reply.  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  See Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND

Curtis Woods was charged in a two-count superseding indictment with: unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e) ("Count One") and possession with intent to distribute an unspecified quantity of various controlled substances in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 841(b)(2) ("Count Two").  (ECF No. 14.)  The superseding indictment identified ten prior felony convictions, including two robbery convictions, one conviction for resisting arrest with violence, and one conviction for felony battery.

The district court denied Petitioner's motion to suppress (ECF No. 39) and he pleaded guilty to Count One of the superseding indictment before the undersigned on November 19, 2013.  (ECF Nos. 54-57.)  The plea agreement provided that he faced a minimum of fifteen years' imprisonment due to his prior felony convictions.  (ECF No. 55 at 1.)

The Presentence Investigation Report ("PSR") classified Petitioner as an armed career criminal.  (ECF No. 65, PSR ¶ 35.)  After a three-level adjustment for acceptance of responsibility his total offense level was 31. (PSR ¶¶ 36-38.)  Because Petitioner was an armed career criminal who possessed the firearm in connection with a controlled substance offense,

his criminal history category was VI.   The applicable guidelines range was 188 to 235 months' imprisonment, above the statutory mandatory minimum term of 15 years' imprisonment.   (PSR ¶¶ 119, 120.)

In March of 2014, the court sentenced Petitioner to a term of 100 months imprisonment. (ECF Nos. 71, 74, 75.)   Petitioner did not appeal, and the sentencing was not transcribed.

Defendant now moves for sentencing relief, claiming that his Armed Career Criminal sentence is no longer lawful.   The Government opposes the motion.

## ANALYSIS

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1).   The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *(known as the elements clause)* or (ii) is burglary, arson, or extortion, involves the use of explosives *(known as the enumerated offenses clause)* or otherwise involves conduct that presents a serious potential risk of

physical injury to another *(known as the residual clause)*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. Absent the application of the ACCA enhancement, Petitioner would have faced a maximum sentence of ten years imprisonment. *See* 18 U.S.C. § 924(a)(2).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. *Johnson* spawned a flood of post-conviction petitions, including the one filed in this case.

Petitioner contends that he only has a single predicate offense that supports the ACCA enhancement, his conviction for resisting offense with violence. He asserts that neither his two robbery convictions nor his felony battery conviction qualify as ACCA predicates.

In making his argument, Petitioner recognized three then-existing Eleventh Circuit cases that weighed against his position. *See United States v. Dowd*, 451 F.3d 1244 (11th Cir. 2006) (holding that a Florida

robbery conviction was a "violent felony" that qualified as an ACCA predicate); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (holding that the "bare elements of [Florida's robbery statute] also satisfy the elements and residual clauses of U.S.S.G. § 4B1.2(a)); *United States v. Welch*, 683 F.3d 1304, 1312 (11th Cir. 2012) (holding that there was "no reason not to apply *Lockley* to a case addressing whether Florida robbery is a 'violent felony' under the Armed Career Criminal Act."). Petitioner argued that to the extent the Eleventh Circuit held in these cases that convictions under the Florida robbery statute qualified as ACCA predicates under the elements clause, the court erred. (ECF No. 82 at 5.)  He also argues that his convictions occurred at a time when "mere snatching" could have supported a Florida robbery conviction. (ECF No. 82 at 5-6.)

The Eleventh Circuit squarely rejected this position in *United States v. Fritts*, 841 F.3d 937, 942-43 (11th Cir. 2016), *cert. denied* 137 S. Ct. 2264 (2017). In *Fritts*, the court, relied on *Dowd*, *Lockley*, and several decisions of the Florida Supreme Court[1] in concluding that the petitioner's Florida armed robbery conviction under § 812.13 "categorically qualifies as a

---

[1] *Robinson v. State*, 692 So.2d 883, 886 (Fla. 1997); *McCloud v. State*, 335 So.2d 257, 258–59 (Fla. 1976); *Montsdoca v. State*, 93 So. 157, 159 (Fla. 1922).

Case Nos.: 1:12cr24/MCR/GRJ; 1:16cv225/MCR/GRJ

'violent felony' under the ACCA's elements clause." *Fritts*, 841 F.3d at 944. The court noted that, under Florida law, violence is and always has been a necessary element of robbery, and that the robbery statute has never included a "theft or taking by mere snatching." *Fritts*, 841 F.3d at 942-943 (citations omitted).

The Court recognizes that there are pending petitions for writs of certiorari in several unreported cases which, following *Fritts*, held that Florida convictions for robbery are violent felonies under the elements clause of the ACCA. *See, e.g., United States v. Conde*, 686 F. App'x 755 (11th Cir. 2017); *Baxter v. United States*, 708 F.App'x 572, 574 (11th Cir. 2017) (noting court was bound by *Fritts* regardless of whether it agreed with it); *United States v. Shotwell*, 708 F.App'x 989 (11th Cir. 2017); *Repress v. United States*, Case 17-10844, 2017 WL 4570661 (11th Cir. Oct. 13, 2017). However, *Fritts* remains binding precedent in this circuit. *See King v. United States,* Case 16-11082, 2018 WL 565263 (11th Cir. Jan. 25, 2018) (relying on *Fritts* in rejecting petitioner's argument that Florida robbery can never qualify as a violent felony under the ACCA); *United States v. Burke*, 863 F.3d 1355, 1360 (11th Cir. 2017) (rejecting, on

direct appeal, defendant's assertion of error based on the use of his 1999 Florida armed robbery conviction as an ACCA predicate based on *Fritts*).

With two prior robbery convictions and a conviction for resisting arrest with violence, Petitioner has the requisite three convictions to support the ACCA enhancement, and he is not entitled to relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Unless the Supreme Court grants certiorari in one of the cases challenging the *Fritts* decision, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 1:12cr24/MCR/GRJ; 1:16cv225/MCR/GRJ

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 80) should be **DENIED and DISMISSED**.

2. A certificate of appealability should be **DENIED**, unless, prior to the entry of the final order, the Supreme Court grants a petition for certiorari in one of the cases challenging the Eleventh Circuit's holding in *Fritts*.

**IN CHAMBERS** at Gainesville, Florida, this 22nd day of March, 2018.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 1:12cr24/MCR/GRJ; 1:16cv225/MCR/GRJ

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.